DARREN T. BRENNER, ESQ.
Nevada Bar No. 8386
NATALIE L. WINSLOW, ESQ.
Nevada Bar No. 12125
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Telephone:   (702) 634-5000
Facsimile:    (702) 380-8572
Email: darren.brenner@akerman.com
Email: natalie.winslow@akerman.com

*Attorneys for Defendants, The Hartford Financials Service Group, Inc., and Sentinel Insurance Company, Ltd.*

# UNITED STATES DISTRICT COURT

# FOR THE STATE OF NEVADA

| | |
|---|---|
| CARMEN YOUNG, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE HARTFORD FINANCIALS SERVICE GROUP, INC., a Delaware Corporation, SENTINEL INSURANCE COMPANY, LTD, a Connecticut Entity, DOES I-10 and ROE CORPORATIONS 11-20,<br><br>Defendants. | Case No.: 2:-14-cv-00707-APG-NJK<br><br>**SENTINEL INSURANCE COMPANY LTD'S ANSWER AND COUNTERCLAIM FOR DECLARATORY RELIEF** |

Sentinel Insurance Group, Ltd. answers Plaintiff's complaint and asserts counterclaims against Plaintiff/Counterdefendant Carmen Young as follows:

## JURISDICTION

1. Answering paragraph 1, Sentinel admits, on information and belief, that Young is a Nevada Citizen. Sentinel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1, and therefore denies the same.

{28995736;1}

2. Answering paragraph 2 of the complaint, Sentinel admits that that it is authorized to do business in the State of Nevada as an insurer, and that it issued a Special Multi-Flex policy to FEI Construction, policy number 53 UEC VZ9576.[1]

3. Answering paragraph 3 of the complaint, Sentinel admits that it is a wholly owned subsidiary of The Hartford Financial Services Group, as are other insurance companies, and that Sentinel is in the business of issuing property and casualty insurance policies. Sentinel further admits that it and other insurance companies owned by The Hartford Financial Services Group operate under the trade name "The Hartford," however, The Hartford Financial Services Group is a holding company, not an insurance company. Sentinel is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations, and therefore denies the same.

4. To the extent DOES I through X and ROE CORPORATIONS I through X are affiliated with Sentinel, Sentinel denies the allegations contained in paragraph 4 of the complaint. Sentinel is without sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 4, and therefore denies each remaining allegation.

5. To the extent DOE/ROE Defendants are affiliated with Sentinel, Sentinel denies the allegations contained in paragraph 5 of the complaint. Sentinel is without sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 5, and therefore denies each remaining allegation.

6. To the extent DOE/ROE Defendants are affiliated with Sentinel, Sentinel denies the allegations contained in paragraph 6 of the complaint. Sentinel is without sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 6, and therefore denies each remaining allegation.

7. To the extent DOE/ROE Defendants are affiliated with Sentinel, Sentinel denies the allegations contained in paragraph 7 of the complaint. Sentinel is without sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 7, and therefore denies each remaining allegation.

---

[1] The CCSP number referenced in the Complaint refers specifically to Carmen Young's claim as opposed to the policy in general.

{28995736;1} 2

8. Sentinel denies the allegations in paragraph 8.

9. Answering paragraph 9, Sentinel admits that the underlying claim against Forsythe Enterprises Inc. (**FEI**) arose from the allegation that on January 19, 2008, a trailer detached from a vehicle owned by FEI. Sentinel is without sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 9, and therefore denies each remaining allegation.

10. Answering paragraph 10, Sentinel admits that Young claims that the incident described in paragraph 9 of the Complaint caused her injury. Sentinel is without sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 10, and therefore denies each remaining allegation.

## ALLEGATIONS LABELED "UNDERLYING FACTS"

11. Answering paragraph 11, Sentinel admits that it tendered FEI's full $1,000,000 policy benefit to Ricardo Medina, a pedestrian who lost part of his leg as a result of the incident described in paragraph 11. Sentinel denies that was under an obligation or duty to tender sums to Young upon exhaustion of FEI's policy.

12. Paragraph 12 is too vague to frame a response as it appears to be a non sequitur sentence that is missing words. To the extent further response is required, Sentinel denies the allegations in paragraph 12.

13. Paragraph 13 is too vague to frame a response as it appears to be a non sequitur sentence that is missing words. To the extent further response is required, Sentinel denies the allegations in paragraph 13.

14. Sentinel denies that it had an opportunity to settle all claims within policy limits. Sentinel is without sufficient knowledge or information to form a belief as to any remaining allegations contained in paragraph 14, and therefore denies each remaining allegation.

15. Sentinel denies the allegations in paragraph 15.

16. Sentinel admits the allegations in paragraph 16.

17. Sentinel admits that judgment was entered in FEI's favor in Case Number A-09-604274-C, admits that Young appealed, admits that the appeal was voluntarily dismissed, and admits to the existence of a document entitled "Assignment of Action in Exchange for Covenant not to

{28995736;1}                                         3

Execute." Sentinel denies that it was served with a copy of the Complaint that included the "Assignment of Action in Exchange for Covenant not to Execute", but is otherwise aware of the document from other dealings. Sentinel denies that the Assignment of Action in Exchange for Covenant not to Execute is valid or otherwise creates liability of any kind against Sentinel.

## COUNT ONE: BREACH OF CONTRACT

18. Answering paragraph 18, Sentinel repeats and incorporates its responses to paragraphs 1 through 17 as if fully set forth herein.

19. Answering paragraph 19, Sentinel admits that it knew there were other claims, and admits that it has duties outlined by the contract and at law. Sentinel specifically denies that it failed to "minimize the magnitude of possible excess judgments". Sentinel is without sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 19, and therefore denies each remaining allegation.

20. Paragraph 20 is too vague to frame a response. To the extent further response is required, Sentinel denies that it breached any duty owed to its insured, FEI. Sentinel is without sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 20, and therefore denies each remaining allegation.

21. Paragraph 21 is too vague to frame a response. To the extent further response is required, Sentinel denies that it breached any duty owed to its insured, FEI. Sentinel is without sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 21, and therefore denies each remaining allegation.

22. Sentinel denies the allegations in paragraph 22.

23. Sentinel denies the allegations in paragraph 23.

## COUNT TWO: BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

24. Answering paragraph 24, Sentinel repeats and incorporates its responses to paragraphs 1 through 23 as if fully set forth herein.

25. Paragraph 25 is a legal conclusion. To the extent further response is required, Sentinel denies the allegations in paragraph 25.

{28995736;1}

4

26. Paragraph 26 is a legal conclusion. To the extent further response is required, Answering paragraph 26, Sentinel denies that it has a fiduciary relationship with FEI. Sentinel admits that Nevada law recognizes a covenant of good faith and fair dealing that can sound in tort, but Sentinel denies that paragraph 26 accurately or fully sets forth the applicable law.

27. Paragraph 26 is a legal conclusion and is too vague to frame a response. To the extent further response is required, Sentinel denies that it breached any duty owed to FEI. Sentinel is without sufficient knowledge or information to form a belief as to any remaining allegations contained in paragraph 27, and therefore denies each remaining allegation.

28. Sentinel denies the allegations in paragraph 28.

29. Sentinel denies the allegations in paragraph 29.

30. Sentinel denies the allegations of paragraph 30.

31. Sentinel denies the allegations of paragraph 31.

## COUNT THREE: VIOLATION OF NRS 686A.310

32. Answering paragraph 32, Sentinel repeats and incorporates its responses to paragraphs 1 through 31 as if fully set forth herein.

33. Paragraph 33 is too vague to frame a response. To the extent further responses is required, Sentinel denies the allegations in paragraph 33.

34. Paragraph 34 is too vague to frame a response. To the extent further responses is required, Sentinel denies the allegations in paragraph 34.

35. Paragraph 35 is too vague to frame a response. To the extent further responses is required, Sentinel denies the allegations in paragraph 35.

36. Paragraph 36 is too vague to frame a response. To the extent further responses is required, Sentinel denies the allegations in paragraph 36.

37. Paragraph 37 is too vague to frame a response. To the extent further responses is required, Sentinel denies the allegations in paragraph 37.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff lacks standing to sue Sentinel.

{28995736;1}                                     5

3. Any claim for damages in excess of the policy limit is not covered or is otherwise excluded by the policy.

4. The damages, if any, suffered by plaintiff were caused in whole or in part, or were contributed to by reasons of her own conduct and or that of third parties.

5. Failure to mitigate damages.

6. Want of consideration.

7. Plaintiff and/or FEI waived her/it's right to any recovery.

8. Plaintiff's recovery is barred by the doctrine of laches.

9. FEI breached the reciprocal covenant of good faith and fair dealing and, to the extent FEI and/or her representative's conduct violates that covenant and caused or contributed to any damage Plaintiff may claim in this action, plaintiff is precluded from recovering therefore.

10. The punitive damage request is materially limited by the holding of *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408 (2003) and *Phillip Morris USA v. Williams*, 549 U.S. 346 (2007).

11. The request for punitive damages violated Sentinel's rights to substantive due process provided in the Fifth and Fourteenth Amendments to the United States Constitution and Section 8, Article I of the Nevada Constitution.

12. The request for punitive damages violates Sentinel's rights to equal protection under both the Fourteenth Amendment of the United States Constitution and Section 8, Article I of the Nevada Constitution.

13. Recovery of punitive damages is barred because NRS § 42.005, under which punitive or exemplary damages are recoverable under Nevada law, is unconstitutionally vague under the due process clause of the Fifth Amendment to the United States Constitution and Section 8 of Article 1 of the Nevada Constitution; and, as applied, authorizes an award of punitive or exemplary damages in violation of Sentinel's right to equal protection under the law of the United States Constitution.

14. Recovery of punitive damages violates the prohibition on excessive fines under Section 6, Article I of the Nevada Constitution.

15. Plaintiff's claims are barred by the statute of limitations.

16. Plaintiff's claims against Sentinel are barred by the doctrine of estoppel.

17. Sentinel does not knowingly or intentionally waive any affirmative defenses. Under Federal Rule of Civil Procedure 8(c), affirmative defenses may not have been alleged insofar as sufficient information was not available as of the time of filing this answer. Sentinel reserves the right to move to amend this answer to assert additional affirmative defenses if and when additional facts become known.

WHEREFORE, having fully answered the Plaintiff's Complaint, Sentinel requests the Court to: (A) dismiss the Complaint against Sentinel with prejudice and that the plaintiff takes nothing thereby; (B) award Sentinel its attorneys' fees under any applicable law; (C) award Sentinel its costs of suit; and (D) grant such other and further relief as this Court deems appropriate.

## COUNTERCLAIM FOR DECLARATORY RELIEF

Sentinel counterclaims against counterdefendant Carmen Young, Does I through X, and Roe Corporations I through X as follows:

### JURISDICTION

1. Jurisdiction is proper in the United States District Court for the District of Nevada under 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy in excess of $75,000.

2. Supplemental jurisdiction for Sentinel's counterclaims is also proper because Sentinel's counterclaim is "so related . . . that [it] forms part of the same case or controversy. 28 U.S.C. § 1367.

### PARTIES

3. Upon information and belief, Young is a citizen of Nevada, and resides in Clark County.

4. Sentinel is a Connecticut corporation with its principal place of business in Connecticut. Sentinel was and is, at all times relevant to this matter, licensed to transact insurance in the State of Nevada.

5. The true names and capacities, whether individual, corporate, associate, or otherwise of cross-defendants Does I through X, and Roe Corporations I through X, and each of them, are

{28995736;1}  7

unknown to Sentinel who therefore claims against said cross-defendants by such fictitious names and will ask leave of this Court to amend this cross-claim to show their true names and capacities when the same have been ascertained. Sentinel is informed and believes and thereon alleges that each of the cross-defendants designated herein as a Doe/Roe is responsible in some manner for the damages Sentinel, and liable to Sentinel as herein alleged.

## THE UNDERLYING INCIDENT

6. On or about January 19, 2008, Mario Hernandez, an employee of FEI, was operating a vehicle owned by FEI. The vehicle owned by FEI was towing a trailer owned by Salvador.

7. The trailer became detached, and allegedly struck or otherwise caused injury to Ricardo Medina, a pedestrian, and Carmen Young, the occupant of another vehicle.

8. Medina sustained very serious injuries as a result of the incident, including a right leg amputation below the knee and in excess of $350,000 in medical expenses within the first month after the accident.

9. Young also alleged injuries as a result of the incident, consisting of right knee pain and back pain.

## SALVADOR'S PERSONAL POLICY WITH METROPOLITAN

10. At the time of the incident, Hernandez was an insured under a personal liability insurance policy issued by the Metropolitan Group Property and Casualty Insurance Company (herein **Metropolitan**).

11. The Metropolitan policy provided automobile liability coverage of $15,000 per individual, up to $30,000 per incident.

## FEI'S POLICY WITH SENTINEL

12. At the time of the January 19, 2008 incident, FEI was the named insured under a Special Multi-Flex policy, policy number 53 UEC VZ9576 issued by Sentinel. A true and correct copy of policy number 53 UEC VZ9576 is attached as Exhibit 1.

13. The policy provides the following liability coverage:

{28995736;1}

8

**SECTION II -- LIABILITY COVERAGE**

**A. Coverage**
We will pay all sums an "insured' legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

....

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a covered pollution cost or expense" to which this insurance does not apply. We may investigate or settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements."

Exhibit 1, page 17.

14. The policy provides, *inter alia*, up to $1,000,000 in liability coverage:

| Coverages | Covered Autos | Limit The Most We Will Pay for Any One Accident or Loss | Advance Premium |
|---|---|---|---|
| LIABILITY | 07 | $ 1,000,000 | $ 1,793.00 |

Exhibit 1, page 17.

**RICARDO MEDINA'S CLAIM**

15. On March 5, 2008, Medina sent correspondence to Sentinel reporting that he had already incurred $343,496.86 in medical expenses. A true and correct copy of the March 5, 2008 letter is attached as Exhibit 2.

16. On March 27, 2008, Medina's counsel sent correspondence to Sentinel requesting FEI's balance sheets, income statements, statements of cash flow, corporate income tax returns, and a declaration of assets. A true and correct copy of the March 27, 2008 letter is attached as Exhibit 3.

17. On April 8, 2008, Sentinel sent correspondence to FEI. The April 8, 2008 correspondence, among other things, advised FEI of: (1) available coverage under the Sentinel and Metropolitan policies; (2) that damages for Mr. Medina's injuries exceeded the available coverage; and (3) that FEI was responsible for any judgment in excess of the available coverage; and (4) that

{28995736;1} 9

FEI had the right to retain its own counsel. A trust and correct copy of the April 8, 2008 letter is attached as Exhibit 4.

18. FEI agreed to provide available financial information to Medina, and on April 14, 2008, FEI provided a signed declaration of assets to Medina.

19. On April 15, 2008, FEI drafted correspondence to Sentinel. A true and correct copy of the letter is attached as Exhibit 5.

20. The letter April 15, 2008 letter from FEI to Sentinel states, in part:

> F.E.I. Construction authorizes The Hartford to tender the one million ($1,000,000.00) dollar commercial auto policy limits as settlement in full to Ricardo Medina.
>
> We do so knowing there is an outstanding bodily injury claim for Ms. Carmen Young; as well as, property claims for a Ms. Carmen Young's 1991 Pontiac Firebird, a City of Las Vegas stop sign, and a Taco Bell sign, in which all items have the potential for claims in excess of our policy.

*Id.*

21. At the time of the April 15, 2008, FEI was aware of Young's possible claim.

22. At the time of the April 15, 2008 letter, Sentinel specifically advised FEI that Young could potentially have a disk injury worth up to half a million dollars. Young's claim notwithstanding, FEI expressed its desire that Sentinel tender the full $1,000,000 policy limit to Medina.

23. At the time of the April 15, 2008 letter, Mr. Medina's medical expenses were reported to be in excess of $400,000, while Young's reported medical expenses were approximately $11,000 or less.

24. On April 16, 2008, Sentinel offered the $1,000,000 policy limit to Medina as authorized by FEI in exchange for a full and final release of all claims against FEI Construction. The tender was combined with the $15,000 in coverage available under the Metropolitan policy, for a total of $1,015,000. A true and correct copy of the tender letter is attached as Exhibit 6.

25. On April 21, 2008, Medina advised that he would not accept the policy limits offer or provide a complete release of FEI until Medina received FEI's 2007 tax returns and had the 2007 tax return reviewed by an accountant.

26. On May 21, 2008, FEI provided its 2007 tax return, which Sentinel forwarded to Medina per FEI's instruction.

27. On June 17, 2008, Medina advised that he accepted Sentinel's tender of the full $1,000,000 policy limit.

28. A true and correct copy of the June 18, 2008 letter from Sentinel confirming the settlement with Medina is attached as Exhibit 7.

29. Medina executed the release in exchange for the $1,000,000 tender under the Sentinel policy on July 22, 2008. A true and correct copy of the release is attached as Exhibit 8.

## CARMEN YOUNG'S RELEASE OF CLAIMS

30. Following the accident, Young made a claim under the Metropolitan auto policy issued to Hernandez.

31. Young settled her claim against the Metropolitan policy for $15,000.

32. On November 31, 2008, Young executed a "Full and Final Release of All Claims" in exchange for the $15,000 tender from Metropolitan under the Metropolitan policy (herein the **Young Full and Final Release of All Claims**). A true and correct copy of the Young Release is attached as Exhibit 9.

33. The Young Full and Final Release of All Claims reads, in part:

> I, Carmen Young, being of full age, in consideration of the sum of Fifteen Thousand Dollars ($15,000.00) paid to me by Sonia and Marlo Hernandez, and Metropolitan Group Property and Casualty Insurance Company, hereinafter called the "payor"/"payors", the receipt of which is hereby acknowledged, do hereby release and forever discharge said payor/payors, their heirs, executors, administrators, successors, assigns, agents, servants, employees, associates, related persons, firms, and corporations, and any and all other persons, firms and corporations, of and from any and all actions, causes of action, debts, dues, claims and demands of every name and nature, both at law and in equity, against which said payors and any and all other persons, firms and corporations, I have ever had, nor have or may have, for or by reason of any matter or thing to date of the present; and especially from all claims and demands

{28995736;1}                                11

arising out of any and all personal injuries, death, damages, expenses, loss or damage, known or unknown, apparent or not apparent, present and future, alleged to have been sustained as a result of an accident which happened on or about January 19, 2008 in Las Vegas, Nevada.

*Id.*

## THE UNDERLYING STATE COURT ACTION AGAINST FEI

34. On November 24, 2009, Young filed a complaint naming FEI and others as defendants in the Eighth Judicial District of Nevada, case number A-09-604274-C (herein the **Underlying Action**).

35. The Complaint in the Underlying Action alleged that FEI was liable for injuries allegedly caused to Young from the January 19, 2008 incident.

36. At the time the Underlying Action was filed, the $1,000,000 liability limit of the Sentinel Policy was already exhausted.

37. Because the limits of the Underlying Policy were exhausted, Sentinel had no duty to provide a defense to FEI under the terms of FEI's policy with Sentinel.

38. Even though Sentinel had no duty to provide a defense, Sentinel retained the law firm of Perry & Westbrook, at Sentinel's expense, to defend FEI in the Underlying Action.

39. On August 13, 2010, Perry & Westbrook filed a motion for summary judgment on FEI's behalf. A true and correct copy of the motion for summary judgment is attached as Exhibit 10.

40. The motion for summary judgment advocated that the Young Full and Final Release of All Claims released the claims at issue in the Underlying Action.

41. The Nevada State District Court in the Underlying Action agreed with FEI, and granted FEI's motion for summary judgment in full. A true and correct copy of the order granting summary judgment is attached as Exhibit 11.

42. In the order granting summary judgment, the Nevada State District Court found that: "At the time of signing the 'Full and Final Release of All Claims', Plaintiff, Carmen Young, was aware that Mario Hernandez was employed by Forsythe Enterprises, Inc. at the time of the subject accident, and was aware that the vehicle being driven by Mario Hernandez, at the time of the subject accident, was owned by Forsythe Enterprises, Inc." *Id.* at Finding of Fact number 4.

43. In the order granting summary judgment, the Nevada State District Court found that: "Plaintiff provided no admissible evidence in Opposition to Defendant's motion for Summary Judgment evidencing an intended limitation on the broad Release language set forth in the "Full and Final Release of All Claims" executed by the Plaintiff, Carmen Young." *Id.* at Finding of Fact number 5.

44. In the order granting summary judgment, the Nevada State District Court concluded: "That the language set forth in the Full and Final Release of All Claims is sufficiently broad as to include Forsythe Enterprises, Inc., the employer of Mario Hernandez at the time of the subject accident, as a Releasee." *Id.* at Conclusions of Law.

## YOUNG'S APPEAL IN THE UNDERLYING ACTION

45. On November 1, 2010, Young appealed the order granting summary judgment. A true and correct copy of the Notice of Appeal is attached as Exhibit 12.

46. Plaintiff's opening appellate brief was originally due on August 16, 2011; however, on August 9, 2011, Young filed a motion to enlarge time to file the opening brief requesting an extension of 60 days. The Nevada Supreme Court granted Plaintiff's request, and extended the deadline to October 14, 2011. A true and correct copy of the motion to enlarge is attached as Exhibit 13, and a true and correct copy of the Nevada Supreme Court's August 12, 2011 granting the motion is attached as Exhibit 14.

47. On October 16, 2011, Young filed a second motion to enlarge time to file the opening brief requesting an extension of 60 days. The Nevada Supreme Court granted Plaintiff's request, and extended the deadline to December 13, 2011. Per the Order the Nevada Supreme Court held: "No further extensions of time shall be permitted absent extreme and unforeseeable circumstances."

48. Young failed to file the opening appellate brief by December 13, 2011.

**THE ASSIGNMENT OF ACTION IN EXCHANGE FOR COVENANT NOT TO EXECUTE**

49. On or about February 24, 2012, Young and FEI executed the Assignment of Action in Exchange for Covenant not to Execute referenced in the Complaint. Per the Assignment of Action in Exchange for Covenant not to Execute, Young agreed to dismiss the appeal in the Underlying Action.

50. On February 27, 2012, Young filed a stipulation to dismiss the appeal in the Underlying Action. A true and correct copy of the stipulation to dismiss the appeal is attached as Exhibit 15.

51. On March 1, 2012, the Nevada Supreme Court dismissed the appeal in the Underlying Action. A true and correct copy of the order dismissing the appeal is attached as Exhibit 16.

52. At no time prior to the dismissal did the Nevada Supreme Court reverse the District Court's Order granting summary judgment in FEI's favor.

53. At no time was a judgment entered in Young's favor.

54. Accordingly, the appeal in the Underlying Action terminated with FEI having prevailed on Young's claims against it.

## CLAIM FOR DECLARATORY RELIEF

55. Sentinel adopts and incorporates by reference the preceding paragraphs as though fully set forth herein.

56. An actual controversy exists between Sentinel and Young on the basis of the purported assignment from FEI described in the Assignment of Action in Exchange for Covenant not to Execute.

57. Sentinel and Young's interests are adverse based on the purported assignment from FEI described in the Assignment of Action in Exchange for Covenant not to Execute.

58. Sentinel seeks and is entitled to a declaration that it owed no further duty to FEI after it paid its policy limit and that the purported assignment from FEI to Young described in the Assignment of Action in Exchange for Covenant not to Execute is not valid and/or does not give rise to any claims against Sentinel for each of the following independent reasons:

    a. Young does not have standing to assert FEI's purported claims;

    b. Alternatively, Sentinel exhausted any duties owed to FEI upon exhaustion of the policy limits in the payment of the $1,000,000 settlement to Medina;

    c. Alternatively, Sentinel satisfied all duties owed to FEI by providing a defense in the Underlying Action, and seeing that defense through to a full judgment in FEI's favor;

{28995736;1}         14

d. Alternatively, Young dismissed the appeal, with prejudice, without obtaining an order from the Supreme Court that overturned the Nevada State District Court's order entering judgment in FEI's favor, thereby negating any damages;

e. Alternatively, Sentinel did not breach any duty to FEI because it acted with FEI's consent to settle the Medina claim, with FEI's knowledge that settlement of Medina's claim would exhaust the policy and notwithstanding a potential claim from Young;

f. Alternatively, settling Medina's claim is not actionable because it served the best interest of FEI by resolving the claim that was most likely to give rise to the greatest excess verdict against FEI if not resolved for the policy limit.

**WHEREFORE**, Sentinel prays:

i. For a declaration that Young is not entitled to bring any claim sounding in law, contract, equity, tort, or statute because of any or all of the following reasons:

   a. Young does not have standing to assert FEI's purported claims;

   b. Sentinel exhausted any duties owed to FEI upon exhaustion of the policy limits in the payment of the $1,000,000 settlement to Medina;

   c. Sentinel satisfied all duties owed to FEI by providing a defense in the Underlying Action, and seeing that defense through to a full judgment in FEI's favor, thereby negating any damages;

   d. Young dismissed the appeal, with prejudice, without obtaining an order from the Supreme Court that overturned the Nevada State District Court's order entering judgment in FEI's favor;

   e. Sentinel did not breach any duty to FEI because it acted with FEI's consent to settle the Medina claim, and with FEI's knowledge that settlement of Medina's claim would exhaust the policy.

   f. Settling Medina's claim is not actionable because it served the best interest of FEI by resolving the claim that was most likely to give rise to the greatest excess verdict against FEI if not resolved for the policy limit.

    ii.    That Sentinel be awarded its attorneys' fees and costs; and

    iii.    That the Court grant such other and further relief as it deems just and proper.

DATED this 12th day of June, 2014.

**AKERMAN LLP**

/s/ Darren T. Brenner
DARREN T. BRENNER, ESQ.
Nevada Bar No. 8386
NATALIE L. WINSLOW, ESQ.
Nevada Bar No.12125
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
*Attorneys for Defendants Hartford Financial Services Group, Inc. and Sentinel Insurance Group, Ltd.*

{28995736;1}

16

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of June, 2014 and pursuant to FRCP 5, I served via the CM/ECF electronic filing system and/or deposited for mailing in the U.S. Mail a true and correct copy of the foregoing **SENTINEL INSURANCE COMPANY LTD'S ANSWER AND COUNTERCLAIM FOR DECLARATORY RELIEF**, postage prepaid and addressed to:

Dan M. Winder, Esq.
Arnold Weinstock, Esq.
LAW OFFICE OF DAN M. WINDER, P.C.
3507 W. Charleston Blvd
Las Vegas, Nevada 89102
*Attorneys for Plaintiff*

/s/ Gina Dillingham
An employee of AKERMAN LLP

{28995736;1}